FILED
SUPERIOR COURT
OF GUAM

2020 JUN 30 AM 11:36

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0282-20 |
| vs. | DECISION AND ORDER |
| PATRICK FRANKLIN ESPINOSA, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 29, 2020, for hearing on Defendant Patrick Franklin Espinosa's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via teleconference with counsel, Assistant Alternate Public Defender Peter J. Santos, and Assistant Attorney General Renaida Z. San Nicolas was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on June 29, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On May 24, 2020, Defendant was charged with Family Violence (As a Third Degree Felony); Assault (As a Misdemeanor); and Child Abuse (As a Misdemeanor). (Magistrate's Compl., May 24, 2020). These charges stem from allegations that Defendant assaulted his girlfriend, Ms. Lilanie Marie Alig, when she attempted to leave with her minor daughter, Z.N.A.

(DOB: 08/11/2007). (Decl. of Alysa Draper-Dehart, Magistrate's Compl., May 24, 2020). When they were in the car, Defendant came and grabbed Ms. Alig's purse, breaking the strap. *Id.* Ms. Alig attempted to get her purse back from Defendant in the house, and Defendant struck her with the door, causing her to fall. *Id.* Z.N.A. (DOB: 08/11/2007) saw Defendant close the door on her mother, and left the car to go help her. *Id.* Z.N.A. (DOB: 08/11/2007) saw that Defendant was going to punch her mother, so she held her hand up to block Defendant from hitting her mom. *Id.* Defendant struck Z.N.A. (DOB: 08/11/2007) instead. *Id.* Officers who responded to the scene observed swelling and bruising on Ms. Alig's forehead and abrasions to her left shin. *Id.*

On June 22, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000.00 cash bail. *See* Commitment Order, May 24, 2020. The Government did not file a written opposition, but orally opposed the Motion at the Motion Hearing.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollars ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 22, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)     length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;

(iii)    his/her family ties and relationships;

(iv)    his/her reputation, character and mental and physical condition;

(v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his Motion, Defendant offers that he is a fourteen year resident of Guam and has most of his family ties on Guam, including his father and mother; that he is a self-employed farmer; has no history of drug or alcohol use; and that if released, he will reside in Dededo. (Mot. Bail Redetermination at 4-5). Defendant acknowledges that he was on probation at the time of the alleged offenses, and that he has some history of non-compliance with Court orders. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and Defendant's ability to comply with Court orders. (Decl. of Alysa Draper-Dehart, Magistrate's Compl., May 24, 2020). Defendant is alleged to have struck his girlfriend with a door causing swelling and bruising, after taking her purse from her when she tried to leave, and attempted to punch her after. *Id.* When his girlfriend's minor daughter tried to intervene, Defendant struck her instead. Officers later located Defendant on the back side of the residence under a garbage container storage bin. *Id.* Additionally, this is Defendant's third family violence case. Although the victim in the two prior matters, CM0486-16 and CM0130-17, is different from the instant matter, the Court is concerned with Defendant's history of noncompliance during his probationary period. Violation Reports have been filed in both cases indicating a failure to report as ordered to Probation; failing not to threaten, harass or assault the victim; and termination from group treatment counseling at Client Services and Family Counseling, resulting in Warrants of Arrest being issued for Defendant's arrest. *See* 1st Violation Report in CM0486-16, Oct. 18, 2016; Warrant of Arrest in CM0486-16, Oct. 18,

2016; 3rd Violation Report in CM0486-16, Aug. 22, 2018; Bench Warrant, Sep. 18, 2018; 1st Violation Report in CM0130-17, Sep. 7, 2018; Bench Warrant in CM0130-17, Oct. 11, 2018.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** *nunc pro tunc* to June 29, 2020, this _____ **JUN 3 0 2020** _____ .

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam